UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
POP CINEMA, LLC,                          :
                                                               :
                                                               :
                  Plaintiff,              :    Index No. 08 CV 3792
                                                               :
   -against-                              :
                                                               :
FIRST LOOK HOME                           :
ENTERTAINMENT, INC.,                      :
                                                               :
                  Defendant.              :
                                                               :
---------------------------------------------------------------x


**ELECTRONICALLY FILED**


**DEFENDANT'S RULE 7.1 STATEMENT**


Dated: New York, New York
       June 13, 2008

                                        William R. Horner, Esq.
                                        Attorney for Defendant
                                        551 Fifth Avenue – Suite 616
                                        New York, New York 10176
                                        (212) 252-1165

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POP CINEMA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FIRST LOOK HOME ENTERTAINMENT, INC.,<br><br>　　　　　Defendant.<br>_____ | Case No.: CV 08-03792<br><br>[Complaint filed on April 22, 2008]<br><br>**RULE 7.1 STATEMENT** |

　　　　Pursuant to F.R.C.P. Rule 7.1, the attorney for the defendant in the above matter hereby certifies that Defendant First Look Home Entertainment, Inc.,has no parent corporation(s) and is ten or more percent owned by any publicly held corporation.

Dated: New York, New York
　　　　June 13, 2008

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　<u>s/William R. Horner</u>
　　　　　　　　　　　　　　　　　　　　　　William R. Horner [WH2750]
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Vanessa Parise, Dick and Jane, LLC and Empera Pictures, LLC
　　　　　　　　　　　　　　　　　　　　　　551 Fifth Avenue – Suite 616
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10176
　　　　　　　　　　　　　　　　　　　　　　 (212) 252-1165

## **AFFIRMATION OF SERVICE**

      I, William R. Horner, an attorney duly admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York, does hereby certify that on June 13, 2008, I did serve a true copy of this Defendant's Rule 7.1 Statement on Adam Schwartz, Esq.,Pashman & Stein, P.C., attorneys of record for the Plaintiff in the above entitled action, by mailing the same, first class postage prepaid, to him at Court Plaza South, 21 Main Street, Hackensack, New Jersey 07601.

Dated: New York, New York
      June 13, 2008

                                                                  s/William R. Horner
                                                                  William R. Horner [WH2750]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
POP CINEMA, LLC,                           :
                                                             :
                                                             :
                 Plaintiff,              :   Index No. 08 CV 3792
                                                             :
        -against-                           :
                                                             :
FIRST LOOK HOME                    :
ENTERTAINMENT, INC.,            :
                                                             :
                 Defendant.            :
                                                             :
-------------------------------------------------------------x


## ELECTRONICALLY FILED


## DEFENDANT'S ANSWER AND COUNTERCLAIM


Dated: New York, New York
       June 13, 2008

                                      William R. Horner, Esq.
                                      Attorney for Defendant
                                      551 Fifth Avenue – Suite 616
                                      New York, New York 10176
                                      (212) 252-1165

1

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POP CINEMA, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>FIRST LOOK HOME ENTERTAINMENT, INC.,<br><br>      Defendant.<br>_____ | Case No.: CV 08-03792<br><br>[Complaint filed on April 22, 2008]<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT FIRST LOOK HOME ENTERTAINMENT, INC. FOR BREACH OF CONTRACT** |

Defendant First Look Home Entertainment, Inc. hereby answers Plaintiff Pop Cinema, LLC's Complaint.

## NATURE OF THE ACTION

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant admits the allegations in Paragraphs 2 and 3, and further admits with regard to Paragraph 4 that the parties' prior agreement provides for venue in the State of New York in which neither party is a citizen, and in which no performance in New York was required thereunder. To the extent that Plaintiff contends such prior agreement on which its claim of venue is based has been terminated, reliance upon such agreement for purposes of venue is unenforceable and therefore Defendant submits that this matter is improperly venued in this forum and is seriously inconvenient as to Defendant.

## PARTIES

2

3. To the extent that Paragraph 5 of the Complaint asserts factual allegations not concerning said named Defendant, Defendant does not have sufficient information to respond and therefore denies them and leaves Plaintiff to its proof.

4. As to the allegations in Paragraph 6 of the Complaint, Defendant admits that it is a California corporation, with a principal place of business located at 2000 Avenue of the Stars, Suite 410, Los Angeles, California.

## OVERVIEW

5. Defendant denies the allegations in Paragraphs 7 through 8 of the Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. To the extent that Paragraphs 9 through 15 of the Complaint assert factual allegations not concerning said named Defendant, Defendant does not have sufficient information to respond and therefore denies them and leaves Plaintiff to its proof.

7. Defendant denies the allegations in Paragraph 16, does not have sufficient information to respond to Paragraph 17 and denies the allegations of Paragraph 18 of the Complaint, except admits that Mr. Hayes is a senior consultant to Defendant.

8. To the extent that Paragraphs 19 through 22 of the Complaint assert factual allegations not concerning said named Defendant, Defendant does not have sufficient information to respond and therefore denies them and leaves Plaintiff to its proof, except admits that Mr. Hayes is a senior consultant to Defendant, and denies the remainder of said allegations.

9. As to the allegations in Paragraphs 23 through 30 of the Complaint, Defendant denies the allegations thereof.

10. As to the allegations in Paragraphs 30 through 36 of the Complaint, Defendant admits that the terms of the parties' agreement speak for themselves.

11. As to the allegations regarding performance in Paragraphs 37 through 65 of the Complaint, Defendant contends that its performance was excused by Plaintiff's prior breach of the parties' agreement and therefore denies the allegations of Defendant's purported lack of performance.

12. As to the allegations of Paragraph 66 of the Complaint asserting factual allegations not concerning said named Defendant, Defendant does not have sufficient information to respond and therefore denies them and leaves Plaintiff to its proof.

13. As to the allegations regarding performance in Paragraphs 67 through 79 of the Complaint, Defendant contends that its performance was excused by Plaintiff's prior breach of the parties' agreement and therefore denies the allegations of Defendant's purported lack of performance.

## FIRST COUNT
## (BREACH OF CONTRACT)

14. As to the allegations in Paragraph 80, Defendant refers to its responses to Paragraphs 1 – 79 set forth above.

15. As to the allegations in Paragraph 81 of the Complaint, Defendant admits that the terms of the parties' agreement speak for themselves.

16. As to the allegations regarding performance in Paragraphs 82 through 86 of the Complaint, Defendant contends that its performance was excused by Plaintiff's prior breach of the parties' agreement and therefore denies the allegations of Defendant's purported lack of performance.

17. As to the allegations regarding performance in Paragraphs 87 through 91 of the Complaint, Defendant contends that its performance was excused by Plaintiff's prior breach of the parties' agreement and therefore denies the allegations of Defendant's purported lack of performance.

18. As to the allegations in Paragraphs 92 - 95 of the Complaint, Defendant admits that the terms of the parties' agreement speak for themselves.

19. As to the allegations in Paragraphs 96 - 104 of the Complaint, Defendant denies such allegations.

## SECOND COUNT
## (BREACH OF GOOD FAITH AND FAIR DEALING)

20. In response to Paragraph 105, Defendant incorporates by reference its responses to Paragraphs 1 through 104 of this Complaint as if fully set forth herein.

21. As to the allegations in Paragraph 106, Defendant admits that as an abstract statement of the law, an implied covenant of good faith and fair dealing exists.

22. As to the allegations in Paragraphs 106 - 113 of the Complaint, Defendant denies such allegations.

## THIRD COUNT
## (FRAUDULENT INDUCEMENT)

23. In response to Paragraph 114, Defendant incorporates by reference its responses to Paragraphs 1 through 113 of this Complaint as if fully set forth herein

16. As to the allegations in Paragraphs 115 through 125 of the Complaint, Defendant denies such allegations.

## FOURTH COUNT
## (PROMISSORY ESTOPPEL)

17. In response to Paragraph 126, Defendant incorporates by reference its responses to Paragraphs 1 through 125 of this Complaint as if fully set forth herein

18. As to the allegations in Paragraphs 127 through 130 of the Complaint, Defendant denies such allegations.

## AFFIRMATIVE DEFENSES

As for the affirmative defenses, Defendant First Look Home Entertainment, Inc. states as follows:

### FIRST AFFIRMATIVE DEFENSE

19. All or part of the damage or loss sustained by Plaintiff, if any, was proximately caused and contributed to by the fault of persons and/or entities, whether named or unnamed in the within action, separate and apart from Defendants.

### SECOND AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint, even when taken as true, fails to state a claim upon which relief can be granted, and should be dismissed under Rule 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

21. Plaintiff's Complaint is barred under the doctrines of estoppel and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred by waiver.

### FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred by Plaintiff's failure to Perform.

### SIXTH AFFIRMATIVE DEFENSE

24. Defendant denies that Plaintiff has been damaged, however, if it is determined that Plaintiff has been damaged, Defendant asserts that Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

25. Defendant asserts that Plaintiff's prior material breaches bar any recovery by virtue of the Complaint, and excuse Defendant's further performance under the parties' agreement.

**EIGHTH AFFIRMATIVE DEFENSE**

27.	Defendant alleges that Plaintiff is precluded from recovery on any and all of the claims by virtue of its breach of the implied covenant of good faith and fair dealing

**NINTH AFFIRMATIVE DEFENSE**

28.	Defendant asserts that it is entitled to a set-off.

**TENTH AFFIRMATIVE DEFENSE**

29.	Defendant asserts that neither it nor any of its purported agents made any conscious and deliberate act that unfairly frustrated the agreed common purposes of the parties and disappointed Plaintiff's reasonable expectations.

**ELEVENTH AFFIRMATIVE DEFENSE**

30.	Defendant asserts that Plaintiff did not suffer any damages as a result of any conduct by Defendant or its purported agent.

**TWELFTH AFFIRMATIVE DEFENSE**

31.	Defendant alleges that neither Defendant nor its agents made any intentionally false representations of material fact to Plaintiff at any time, thereby barring Plaintiff's claim for fraud.

**THIRTEENTH AFFIRMATIVE DEFENSE**

32.	Defendant alleges that Plaintiff neither reasonably nor justifiably relied upon any alleged misrepresentation of fact by Defendant thereby barring Plaintiff's claim for fraud.

**FOURTEENTH AFFIRMATIVE DEFENSE**

33.	Defendant asserts that Plaintiff did not suffer any damage as a result of any alleged misrepresentation of material fact by Defendant or their purported agent, therefore barring Plaintiff's claims.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

34.  As a separate, distinct affirmative defense, Defendant asserts that the Complaint is devoid of the requisite allegations regarding malice, fraud or oppression, and therefore barring Plaintiff's claim for punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

35.  As a separate, distinct affirmative defense, Defendant asserts that the Complaint, and each cause of action therein, is barred, in whole or in part, because of the limited bargained for remedies contained in the contract(s) upon which Plaintiff now sues.

## SEVENTEENTH AFFIRMATIVE DEFENSE

36.  As a separate, distinct affirmative defense, Defendant asserts that the Complaint, and each cause of action therein, is barred, in whole or in part, because Plaintiff asserts that the agreement upon which it sues is terminated.

## EIGTHTEENTH AFFIRMATIVE DEFENSE

37.  As a separate, distinct affirmative defense, Defendant asserts Plaintiff's claims cannot be maintained because the parol evidence rule bars the introduction of parol evidence to contradict a written and integrated agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

38.  As a separate, distinct affirmative defense, Defendant asserts Plaintiff's claims in the Complaint cannot be maintained because the written agreement that forms the basis of Plaintiff's claims is an integrated agreement.

## TWENTIETH AFFIRMATIVE DEFENSE

39.  As a separate, distinct affirmative defense, Defendant asserts that Plaintiff's equitable claim for "promissory estoppel" cannot be maintained because a written contract exists covering the same subject matter, which is incorporated by reference into Plaintiff's fourth count.

## FOURTEENTH AFFIRMATIVE DEFENSE

40. Defendant reserves the right to assert any and all affirmative defenses that it becomes aware of during the course of discovery.

## COUNTERCLAIM
## (FIRST COUNTERCLAIM FOR BREACH OF CONTRACT)

(Against Pop Cinema LLC)

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to its supplemental jurisdiction under 28 U.S.C. Sec. 1367(a).

2. Based on the filing of the complaint in this forum, the instant related counterclaim is properly venued in this forum.

## PARTIES

3. Counterclaimant FIRST LOOK HOME ENTERTAINMENT, INC. ("FLHE") is, and at all times mentioned herein was, a California Corporation with its principal place of business located in the County of Los Angeles, State of California.

4. Counterclaimant FIRST LOOK HOME ENTERTAINMENT, INC. is informed and believes and on that basis alleges that Counterdefendant Pop Cinema, LLC ("PCL") was and at all times mentioned herein was, a New Jersey

limited liability company with its principal place of business located in the City of Butler, State of New Jersey.

5. Effective as of March 21, 2006, FLHE and PLC entered into a written agreement entitled "Exclusive Finished Goods Distribution Agreement (the Agreement."). A true and correct copy of the Agreement and subsequent amendment thereto are attached hereto and incorporated by reference herein.

6. Pursuant to the terms of the Agreement, FLHE was accorded exclusive distribution rights to PLC's the programs of PLC in any or all formats in the United States through July 27, 2009.

7. FLHE performed all conditions, covenants and promises required of it pursuant to the Agreement as described above, except for those conditions, covenants and promises which have been prevented or otherwise excused by the conduct of PLC.

8. FLHE is informed and believes that PLC materially breached the Agreement, by among other things, distributing PLC Programs to other distributors (such as Rykodisc) in the United States during the term of FLHE's exclusive rights in derogation and violation of FLHE's exclusive distribution rights.

9. As a direct and proximate result of the foregoing breach of contract, Plaintiff has been damaged in an amount well in excess of the jurisdictional limits of this court, but which Plaintiff is informed and believes exceed the jurisdictional

minimum of this Court, plus pre- and post-judgment interest at the legal rate.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimant prays for judgment against Counterdefendant, and each of them, jointly and severally, as follows:

1. For general, compensatory and consequential damages in an amount to be proven at trial, but well in excess of the jurisdictional minimum of this court, including allowable legal interest on the sum according to proof;

2. For injunctive relief;

3. For costs of suit herein;

4. For such other and further relief as the Court deems proper.

                                  Respectfully submitted,

DATED: June 13, 2008        WILLIAM R. HORNER, ATTORNEY AT
          New York, NY                  LAW

                                  By:_____
                                  William R. Horner [WH2750]
                                  551 5th Avenue, Room 616
                                  New York, New York 10176
                                  (212) 252-1165 (Telephone)

                                  Attorneys for Defendant
                                  First Look Home Entertainment, Inc.

## AFFIRMATION OF SERVICE

I, William R. Horner, an attorney duly admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York, does hereby certify that on June 13, 2008, I did serve a true copy of this Answer and Counter-Claim on Adam Schwartz, Esq.,Pashman & Stein, P.C., attorneys of record for the Plaintiff in the above entitled action, by mailing the same, first class postage prepaid, to him at Court Plaza South, 21 Main Street, Hackensack, New Jersey 07601.

Dated: New York, New York
      June 13, 2008

                                              ___s/Williasm R. Horrner
                                              William R. Horner [WH2750]